UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CAROLINE JAPPAH,<br><br>    Plaintiff,<br><br>    v.<br><br>MANAN PATEL, NARNARAYAN 1 CORP., TMC FRANCHISE CORP., and JANE DOE,<br><br>    Defendants. | Civ. No. 21-280 (KM) (AME)<br><br>OPINION & ORDER |

**KEVIN MCNULTY, U.S.D.J.:**

    Caroline Jappah identifies herself as racially black and of African origin. Her complaint alleges that a business, Circle K Store No. 2654219, denied her access to a rest room on a racially discriminatory basis. Asserting claims under federal and state antidiscrimination laws, she sues the owner of the store, Narnarayan 1 Corp.; its sole shareholder, Manan Patel; and an employee, Jane Doe. Narnarayan 1 Corp. is the franchisee of a fourth defendant, TMC Franchise Corp. TMC is named in only one count, Count VI, which alleges that TMC's negligent training of its franchisee created a foreseeable risk of harm that the franchisee would engage in discriminatory behavior and cause physical and emotional harm to customers such as the plaintiff. Now before the Court is TMC's motion to dismiss the complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). (DE 12) Plaintiff has filed a response (DE 13), and the matter is fully briefed. For the reasons stated herein, the motion to dismiss is DENIED.

    The applicable standards are familiar. Federal Rule of Civil Procedure 8(a) does not require that a pleading contain detailed factual allegations but "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must raise a claimant's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570. That

standard is met when "factual content [] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 12(b)(6) provides for the dismissal of a complaint if it fails to state a claim. The defendant bears the burden to show that no claim has been stated. *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016). I accept facts in the complaint as true and draw reasonable inferences in the plaintiff's favor. *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (en banc).

The issue on this motion is a narrow one: TMC argues that the complaint fails to state a claim because it does not actually plead that TMC exercises sufficient control over its franchisee to render it liable. Legally speaking, TMC is in the ballpark; many such claims have failed for lack of evidence that the franchisor exercises such control:

> An array of analogous cases support summary judgement in favor of BKC. For example, in *Evans v. McDonald's Corp.*, 936 F.2d 1087 (10th Cir. 1991), the court held that the franchisor could not be held liable in a sexual harassment suit where the plaintiff was a manager of the franchisee, because plaintiff was not an employee of the franchisor: "the record before us indicates no common management, no centralized control of labor relations, and no common ownership or financial control." *Id.* at 1090. In *Myszkowski v. Penn Stroud Hotel, Inc.*, 430 Pa. Super. 315, 634 A.2d 622 (1993), plaintiff sued defendants Best Western Inc. and Penn Stroud Hotel after being sexually assaulted in the bathroom of a hotel. Summary judgment was granted in favor of Best Western. The court noted that the agreement between Penn Stroud and Best Western "specifically provided that their relationship is one of independent contractor" and that there was "clearly not the necessary control by Best Western of day-to-day operations" to find Best Western liable. *Id.* 634 A.2d at 627. Similarly, in *Little v. Howard Johnson Co.*, 183 Mich. App. 675, 455 N.W.2d 390 (1990), in which a person sustained injuries by falling on an icy walkway in front of the restaurant, summary judgment was granted in favor of the franchisor. The court stated that the franchisor could not be held directly liable because it was not the possessor of the restaurant and could not be held vicariously liable because franchisor retained no power to control the details of the day-to-

2

day operations. *Id.* 455 N.W.2d at 394. Moreover, in *Myers v. Holiday Inns, Inc.*, No. CIV.A. 88–4222, 1989 WL 81303 (E.D.La.), the plaintiff alleged that the defendants intentionally violated her civil rights by refusing to give her the room she wanted and refusing to serve her breakfast in the motel restaurant. There, the district judge granted the franchisor summary judgment because plaintiff failed to produce evidence that the franchisee was the principal of Holiday Inn, and Holiday Inn submitted sufficient evidence to show that it exercised no day-to-day control over the franchisee's motel.

*Perry v. Burger King Corp.*, 924 F. Supp. 548, 555 (S.D.N.Y. 1996)

The problem with TMC's position is that these cases have so ruled on summary judgment, after the plaintiff was given an opportunity to explore the issue of control in discovery. The complaint here alleges that TMC failed to train its franchisees in the requirements of antidiscrimination law, making it reasonably foreseeable that incidents of discrimination would occur. (Cplt. ¶¶ 90–95) The content of such training, the level of control exercised by TMC over its franchisees' operations under the relevant agreements, and so forth, are factual issues. Such facts, moreover, would naturally be in the possession of TMC, not of its customer. Such a claim might or might not succeed, but it is factual in nature and therefore unsuitable for resolution on a motion to dismiss.

## ORDER

Accordingly, IT IS this 15th day of September, 2021

ORDERED that the motion to dismiss the complaint (DE 12) of defendant TMC Franchise Corp. is DENIED.

/s/ Kevin McNulty

---

**Hon. Kevin McNulty**
**United States District Judge**